# CIRCUIT COURT OF THE CITY OF NORFOLK

Keith Riddick

v.

Marshall S. Bonnie
and Bonnie, Bonnie,
and Horowitz

June 5, 2015

Case No. CL12-1164

By JUDGE JERRAULD C. JONES

This matter comes before the Court on Defendants' Motion to Exclude Evidence Regarding Alleged Breaches in the Standard of Care on August 2, 2010. The evidence Defendants seek to exclude is testimony from two of Plaintiff's expert witnesses, Scott Gritz, D.S.S., and Gary Smagalski, D.D.S.

There are two essential questions that the Court must answer. The first essential question is whether Plaintiff's expert designations for each of these two experts permits those experts to testify about any breaches in the standard of care on August 2, 2010.

Relying on *John Crane, Inc. v. Jones*, 274 Va. 581, 650 S.E.2d 851 (2007), Defendants ask the Court to rule that Dr. Gritz and Dr. Smagalski be permitted to testify only to opinions contained in their respective expert designations. Defendants, in their brief and at oral argument, argue that both expert designations do not include opinions as to breaches of the standard of care on August 2, 2010.

Plaintiff did not file a brief, but at oral argument asserted that the expert designations were sufficient, and, in the alternative, that he be allowed to amend those designations should the Court rule that *Crane* would limit the testimony of both Dr. Gritz and Dr. Smagalski.

The expert designation of Dr. Gritz contains no mention of an alleged breach of the standard of care by Defendants on August 2, 2010. For Dr. Smagalski, the expert designation contains no specific designated opinion relating to that date, but contains five opinions that Dr. Smagalski may offer pertaining to "July 27, 2010, through August 2, 2010."

Applying *Crane* and its progeny to the expert designations here, the Court finds that the designations for both experts are insufficient to permit

them to testify about alleged breaches in the standard of care on August 2, 2010.

After resolving the first issue, the Court must address the second essential question, and determine whether Plaintiff should be granted leave to amend.

According to the Amended Pretrial Scheduling Order entered May 5, 2015, the deadline to file expert designations was September 27, 2013. Paragraph XI of this order states that "[u]pon motion, the time limits and prohibitions contained in this order may be waived or modified by leave of court for good cause shown."

In consideration of the procedural history of this case (Plaintiff had two previous counsel to withdraw from his representation due to circumstances beyond his control), the Amended Pretrial Scheduling Order, and, in the interest of providing a complete record to the jury, the Court grants Plaintiff leave to amend the expert designations of Dr. Gritz and Dr. Smagalski such that Plaintiff has the opportunity to designate those experts to testify about alleged breaches in the standard of care on August 2, 2010. Plaintiff may not amend these expert designations for any other issue. Defendants are hereby permitted to take whatever action is deemed necessary and proper in response to the Court's ruling in order to protect their interests.